# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANICQUA APONTE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0238 |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF HOUSING AND URBAN | : | |
| DEVELOPMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Shanicqua Aponte, proceeding *pro se*. Also before the Court is Aponte's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and her Motion for Judge Recusal (ECF No. 4). Because it appears that Aponte is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGTIONS[1]

Aponte brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging deprivation of her civil rights under the First and Fourteenth Amendments.[2] She also alleges that Defendants violated both the Fair Housing Act and the Landlord Tenant Act, and that they intimidated her, retaliated against her, and acted negligently with respect to her property. It appears that Aponte is also seeking to bring premises liability claims against various Defendants. Aponte names the

---

[1] The facts set forth in this Memorandum are taken from Aponte's Complaint and all the documents and exhibits attached thereto.

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

following Defendants in this action: (1) the United States Department of Housing And Urban Development ("HUD"); (2) the Montgomery County Housing Authority; (3) McCright & Associates Inspections; (4) the Borough of Pottstown; (5) Parek Hussein, her landlord; (6) H&H Estates.

Aponte, who receives rental assistance from HUD, alleges that she signed a lease for a residence in Pottstown, Pennsylvania on July 2, 2019. She claims that thereafter, she "immediately notified [the] landlord and [the] [B]orough" of Pottstown about the "[unin]habitable state of [the] property." Aponte alleges that despite the presence of "visible mold and sewage leaks[,]" as well as the lack of heat in the house, the Montgomery County Housing Authority allowed the property to pass inspection. Aponte also claims there were a number of "other violations that were unsafe" including a "hole in [the] floor and [a] hole in [the] basement" which permitted "freezing air to enter" the home. Aponte alleges that she notified the Pottstown Inspection Department[3] of these failings with the property, and that the "Inspection Department advised [the] landlord to fix [these] repairs within 15 days." However, according to Aponte, the landlord, Hussein, did not make these repairs, and the "Inspection Department" did "nothing to enforce" the requirement that the repairs be made. She further alleges that the "[l]andlord retaliated [against her] by filing [for her] eviction [the] next day after receiving notice from [the] [B]orough for [the] repairs."

According to Aponte, "after months of [dealing with these] living conditions[,]" she went to the Borough Hall "demanding help[,]" but alleges that she was "removed from [the] building[.]" She then stated that she planned to attend an upcoming Borough council meeting to

---

[3] To the extent Aponte refers to the "Inspection Department" it is unclear if she is referring to the named Defendant, McCright & Associates Inspections, which is presumably a contractor that conducts property inspections on behalf of the Borough of Pottstown, or a formal "Inspection Department" that is an official arm of the Borough of Pottstown.

bring "public awareness" to these issues. She claims, however, that she was "told by police that if [she] came to [the] meeting making these accusations[,] it would not end well for [her]." Aponte asserts that she considered this as a threat and that she was afraid after that incident.

Aponte alleges that with respect to the events set forth above, she has suffered an "injured hip and side" and also contends that her son "re-injured [his] ankle [because of the] hole in the floor." (*Id.* at 7.) Aponte also contends that this situation has "aggravated [her] hypertension[.]" (*Id.*) It also appears that either she, or her son, suffered a "bump [on the head] when [he or she] fell[,]" though it is unclear from the Complaint who specifically incurred this injury. (*Id.*) She seeks damages for violations of her Fourteenth Amendment due process rights, retaliation, intimidation, lost wages, pain and suffering, and premises liability from the Defendants. (*Id.*) Aponte also seeks an order from this Court directing HUD "to assist with housing" and directing the Montgomery County Housing Authority to "re-inspect [the] dwelling[.]" (*Id.* at 7.) She further asks the Court to require her landlord, Hussein, to return her funds and to make the necessary repairs. (*Id.*)

## II. STANDARD OF REVIEW

28 U.S.C. § 1915 governs persons proceeding *in forma pauperis*. The Court will grant Aponte leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees necessary to commence this action.

However, 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires determining whether the complaint contains "sufficient factual matter, accepted as true,

3

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Aponte is proceeding *pro se*, the Court construes her allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Aponte seeks to bring this action pursuant to 42 U.S.C. § 1983 and alleges that her due process rights under the Fourteenth Amendment have been violated, that she has been retaliated against in violation of her First Amendment rights, and that she has been subjected to discrimination because she is black.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Aponte has named the Borough of Pottstown as a Defendant in this matter. However, to state a claim under Section 1983 against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify a custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Here, Aponte fails to plead that a policy or custom of the Borough of Pottstown caused the alleged violations of her rights. Accordingly, Aponte cannot maintain her Section 1983 claims against the Borough of Pottstown.

With respect to Aponte's federal civil rights claims against the Montgomery County Housing Authority, "it is well-established that Pennsylvania housing authorities are considered

municipalities, subject to liability under § 1983 when a municipal policy or custom has caused the underlying violation of federal constitutional rights." *See Simpson v. Dauphin Cty. Hous. Auth.*, 2017 WL 2375702, at *3 (M.D. Pa. Apr. 26, 2017), *report and recommendation adopted by*, 2017 WL 2362510 (M.D. Pa. May 31, 2017); *see also Nawuoh v. Venice Ashby Cmty. Ctr.*, 802 F. Supp.2d 633, 644 n.8 (E.D. Pa. 2011); *Watson v. Phila. Hous. Auth.*, 629 F. Supp.2d 481, 485 (E.D. Pa. 2009). As with her claims against the Borough of Pottstown, Aponte fails to allege facts suggesting a policy or custom of the Housing Authority that caused the alleged violations of her rights. Accordingly, Aponte cannot maintain her claims against the Montgomery County Housing Authority.

With respect to the other Defendants, Aponte has not stated a plausible claim pursuant to Section 1983 against them at this time. As noted above, a plaintiff raising claims pursuant to Section 1983 must show, *inter alia*, that the deprivations were caused by a person acting under color of state law. *See West*, 487 U.S. at 48. With respect to HUD, a federal agency is not a "person" for purposes of Section 1983. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir.1998); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) (holding that "[t]he United States and other governmental entities are not 'persons' within the meaning of Section 1983"); *see also Mattox v. United States of Am., Inc.*, 2019 WL 4454522, at *4 (W.D. Tenn. Aug. 26, 2019), *report and recommendation adopted by*, 2019 WL 4453706 (W.D. Tenn. Sept. 17, 2019) (citing *Habtemariam v. Adrian*, 1999 WL 455326, at *2 (6th Cir. June 23, 1999) (dismissing a Section 1983 claim against HUD because "HUD is a federal agency, and not a person acting under color of state law")). Thus, Aponte's Section 1983 claims against HUD also fail.

With respect to her Section 1983 claims against McCright and Associates Inspections, Hussein, and H&H Estates, Aponte has failed to allege facts establishing that any of these

5

Defendants were acting under color of state law. Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Here, Aponte does not allege sufficient facts from which the Court can infer that these remaining Defendants are state actors or that they violated Aponte's due process or First Amendment rights. Accordingly, any Section 1983 claims against them will be dismissed.

To the extent Aponte seeks to bring claims under the Fair Housing Act, the Complaint also fails to state a plausible claim as currently pled. The Fair Housing Act ("FHA") prohibits discrimination on the basis of "race, color, religion, sex, familial status, or national origin" in a variety of real estate-related transactions.[4] *See* 42 U.S.C. § 3604. With respect to § 3604(a), a

---

[4] Aponte does not cite a specific section of the Fair Housing Act, but based on her broad assertion that she was discriminated against because she is black, the Court construes the Complaint as attempting to assert claims under Sections 3604(a) and 3604(b) of the Fair Housing Act. In pertinent part, these sections provide as follows:

> [I]t shall be unlawful—
> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
> (b) To discriminate against any person in the terms, conditions, or privileges

6

plaintiff may establish a violation of the Act by showing that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive. *See Doe v. City of Butler*, 892 F.2d 315, 323 (3d Cir. 1989); *Resident Advisory Bd. v. Rizzo*, 564 F.2d 126, 142 (3d Cir. 1977). Under Section 3604(b), a plaintiff must make a showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental of a dwelling or not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination. *See United States v. Balistrieri*, 981 F.2d 916, 929 (7th Cir.1992).

Upon review of the Complaint, Aponte's broad-based, conclusory allegations of racial discrimination fail to state a claim under the FHA as it appears that Aponte is complaining of conduct not covered under Sections 3406(a) and (b). Here, Aponte's Complaint focuses almost exclusively on the habitability of the property she leased, her attempts to have repairs made, and her attempts to report these housing related issues to various agencies. She makes only general, conclusory allegations regarding possible racial discrimination. Specifically, the Complaint reads as follows: "Borough of Pottstown Retaliation of First Amendment Rights I believe because of my color of being black and the landlord is not he is not being held accountable[.]" Standing alone, this generalized allegation of discrimination is insufficient to state a claim under the FHA. Aponte's claims under the FHA will be dismissed without prejudice.

Aponte's Complaint also raises claims pursuant to state law, such as for negligence and premises liability, against Defendants. Because the Court has dismissed Aponte's federal claims,

---

        of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C.A. § 3604(a)-(b).

the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). Here, the Complaint suggests that all Defendants, as well as Aponte, are citizens of Pennsylvania. Thus, it appears that complete diversity does not exist. Accordingly, Aponte has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising. *See id.* at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Aponte leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. This dismissal will be without prejudice to her right to file an amended complaint within thirty (30) days in the event she can clarify her claims and cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Aponte's "Motion for Judge Recusal," which is based on the fact that she appealed an adverse decision issued by the undersigned in a prior case, is denied.

An appropriate order follows.

**April 7, 2020**

               **BY THE COURT:**

               /s/Wendy Beetlestone, J.

               **WENDY BEETLESTONE, J.**