IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANICQUA APONTE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0238 |
| | : | |
| UNITED STATES DEPARTMENT | : | |
| OF HOUSING AND URBAN | : | |
| DEVELOPMENT, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 7th day of April, 2020, upon consideration of *pro se* Plaintiff Shanicqua Aponte's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2), and Motion for Judge Recusal (ECF No. 4), it is **HEREBY ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

4. Aponte is given leave to file an amended complaint **on or before May 7, 2020** in the event she can state a plausible claim for relief against a proper defendant. If Aponte files an amended complaint, she shall identify all of the defendants in the caption of the amended complaint and describe in detail the basis for her claims against each defendant. Any amended complaint shall include all of the claims that Aponte seeks to pursue in this action without relying on or referring to other pleadings or exhibits filed in this matter. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED**.

5. The Clerk of Court is **DIRECTED** to send Aponte a blank copy of this Court's current standard form to be used by a *pro se* litigant filing a civil action bearing the above-captioned civil action number. Aponte may use this form to prepare her amended complaint if she choses to do so. This form is also available on the Court's website, http://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf. Aponte is reminded to include the civil action number for this case on her amended complaint before submitting it to the Court.

6. If Aponte does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court **on or before May 7, 2020** stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Aponte fails to file any response to this Order, the Court will conclude that Aponte intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See*

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, — F. App'x —, 2020 WL 1487691, at *1 n.1 (3d Cir. Mar. 25, 2020). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

       8.      Aponte's Motion for Judge Recusal (ECF No. 4) is **DENIED**.

       9.      Aponte is encouraged to check the Court's website for developments regarding the Court's response to COVID-19 (coronavirus), available here, http://www.paed.uscourts.gov/response-to-covid-19. The website contains information about filing and accessibility of the Courthouse while COVID-19 measures are in place.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
**WENDY BEETLESTONE, J.**

---

*v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).